UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACCESS ROAD RE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GCMC SOLAR POWER VII, LLC et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-01156-SRC |

**Memorandum and Order**

In this relatively straightforward loan-collection case, Defendants repeatedly failed to comply with discovery requests, in what has all the trappings of dilatory tactics. Doc. 122. The parties' extended discovery dispute required the Court to hold a status conference, order Defendants to comply with discovery requests, and grant Access Road's motion for sanctions. *Id.* As explained below, the Court awards Access Road's reasonable fees and costs.

## I. Background

On the August 17, 2026 deadline for filing discovery motions, Access Road moved the Court to (a) compel Defendant Michael Gardner, and two individuals affiliated with Defendants, Mark Gardner and Rowland Geddie, to appear for depositions that it had previously noticed at least twice; (b) compel Defendants to produce documents that Access Road had been requesting since February 2026; (c) quash subpoenas served on five nonparties; and (d) impose sanctions pursuant to Federal Rule of Civil Procedure 37. Doc. 111 at 1–2 (The Court cites to page numbers as assigned by CM/ECF.).

The Court took up the motion at a status conference. Docs. 115, 118. At the conference, the Court ordered Michael Gardner, Mark Gardner, and Rowland Geddie to appear for depositions. Doc. 118, Status Conf. Tr. at 43:20–44:12. The Court also quashed the nonparty subpoenas and ordered Defendants to produce the documents at issue in Access Road's motion. *Id.* at 44:13–45:3. The Court held the issue of sanctions in abeyance and set a briefing schedule for Access Road to supplement its request. *Id.* at 45:8–45:19.

Access Road then supplemented its request for sanctions. Doc. 120. Access Road confirmed that Defendants produced over 27,000 pages of documents on the deadline to produce documents, and that it took depositions of Michael Gardner, Mark Gardner, and Rowland Geddie as ordered by the Court. *Id.* Access Road also noted that "Defendants served a nearly seven-page supplemented answer to Integratory [sic] Five" on August 26, 2026—just two days before the close of discovery. *Id.* at 2 (emphasis omitted). Claiming that the "supplemental answer" and "document dump" were "too little, too late," Access Road sought sanctions, arguing that "Defendants should not be rewarded for waiting until the last minute." *Id.* In response, Defendants argued that they complied with the Court's order and that sanctions were not warranted. Doc. 121 at 2.

On September 16, 2026, the Court found that sanctions under Federal Rule of Civil Procedure 37(b) were not applicable because Defendants complied with the Court's order. Doc. 122 at 2. But the Court found that Federal Rule of Civil Procedure 37(a)(5)(A) entitled Access Road to reasonable expenses, including attorney's fees. *Id.* at 2–3. "[C]ounsel made good faith attempts to resolve the discovery dispute before" Access Road filed the motion to compel, Defendants' "nondisclosure and failure to respond" weren't "substantially justified," and "no other circumstances" made "an award of fees unjust." *Id.* The Court therefore granted Access

Road's motion for sanctions; ordered Access Road to file documentation in support of its reasonable expenses incurred in filing its motion to compel, including attorneys' fees; and required Defendants to file objections by a certain date. *Id.* at 3.

## II. Standard

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). "Under this 'American Rule,' [courts] follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" *Id.* (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Here, Federal Rule of Civil Procedure 37(a)(5)(A) requires awarding expenses:

> If [a motion to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). As the Court previously held, no exception applies here. Doc. 122 at 2.

In *Hensley v. Eckerhart*, the United States Supreme Court held that courts awarding attorney's fees must consider: (1) whether an award is appropriate; and (2) the value of the services rendered as determined by the "lodestar" method. *See* 461 U.S. 424, 433 (1983). The

lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal services. *See id.*

The lodestar method "is meant to produce 'an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case.'" *League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 939 (8th Cir. 2021) (emphasis omitted) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). The lodestar method enjoys a "strong presumption" of reasonableness, although "that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 553–54. The Court will apply the lodestar method in its attorneys' fee calculations below.

## III. Discussion

Access Road states it incurred $17,664.55 in expenses. Doc. 126-1 ¶ 15. It documents fees of $17,586.25 for thirty-six hours of work and costs of $78.30 for ordering transcripts. Doc. 126-1 at ¶¶ 4–15. The Court analyzes each below.

### A. Reasonable fees

Access Road's documentation of its attorneys' fees omits key details but implies an average billing rate of roughly $500 an hour. *See* doc. 126-1. The affidavit by Justin Welply, its counsel, doesn't include the attorneys' experience, practices, or billing rates; the relevant legal market's going billing rates; nor an itemized bill. *Id.* It describes the three attorneys involved as senior partner Christopher J. Lawhorn, partner Justin A. Welply, and associate Samuel S. Brand. *Id.* ¶ 4. And Access Road conclusorily asserts its "attorneys' rates and hours are reasonable and customary for a case of this type." *Id.* ¶ 13. The stated hours per activity show they charged an

average billing rate of roughly $500 an hour. *Id.* at ¶¶ 4–15. Preparing the motion to compel incurred $3,572.50 for "more than 7 hours"—roughly $510 per hour; preparing for and attending the conference incurred $10,417.50 for "more than 22 hours"—roughly $473 per hour; and preparing the supplement regarding sanctions and analyzing Defendants' response incurred $3,596.25 for "more than 7 hours" —roughly $513 an hour. *Id.* ¶¶ 4–5, 7–8, 10–11. These rates vary slightly, but the attorneys' likely different billing rates and time spent per activity fairly explains this. Defendants didn't dispute the reasonableness of the rates. *See* doc. 127.

A rate of around $500 an hour is reasonable here. Although Access Road didn't support the reasonableness of their hourly rate, *see Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (explaining that "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line" with the relevant market rate), "a district court may rely on its own experience and knowledge of prevailing market rates," *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1056 (8th Cir. 2025) (cleaned up) (citation omitted). The Court concludes that a fee of roughly $500 per hour for each attorney is reasonable here. *See Brandon v. Bd. of Educ. of St. Louis*, No. 4:22-cv-00635-SRC, 2025 WL 3723823, at *19 (E.D. Mo. Dec. 23, 2025) (finding $600 rate reasonable). Accordingly, the Court uses this rate when calculating the lodestar.

**B. Reasonably expended hours**

The Court next determines the number of hours reasonably expended. "[A]ny fees must be 'reasonably expended,' so that services that were redundant, inefficient, or simply unnecessary are not compensable." *Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997) (quoting *Hensley*, 461 U.S. at 434). A party must submit documentation to establish the amount of the requested attorneys' fees, must exercise "billing judgment," and must be

mindful that "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*." *Hensley*, 461 U.S. at 433–34 (citation omitted).

First, Access Road's counsel claims they spent "more than 7 hours in drafting, researching, editing, and finalizing" the motion to compel. Doc. 126-1 ¶ 4. Defendants respond that Access Road "fails to establish that all of the attorneys' fees requested in fact related to moving to compel discovery," as the motion to compel "was also a motion to quash subpoenas." Doc. 127 at ¶ 3. But the Court knowingly granted fees "incurred for filing [the] motion to compel," doc. 122 at 3, not 'incurred for filing just the compel parts of the motion to compel.' Defendants also argue that seven hours was excessive, because the motion to compel was only two pages and cited no cases. Doc. 127 ¶ 5. But the motion summarized the discovery dispute's complex history on four topics and cited Rule 37 in support of sanctions. Doc. 111. As Defendants correctly note, the Court's "rules [] limit motion to compel briefing to two[]pages," doc. 127 ¶ 5, Judge's Requirements at 6, so Access Road filed only two pages to comply. And, when summarizing complex facts, it often takes more time to be brief than to be lengthy. *See* Bryan A. Garner, *Legal Writing in Plain English* § 23 (2d ed. 2013) (When summarizing, "[y]ou'll have to work hard to distinguish what is necessary from what isn't."). The Court therefore concludes that Access Road's counsel expended reasonable hours here.

Second, Access Road's counsel claims that they spent "more than 22 hours" reviewing Defendants' response to the motion to compel, "review[ing] appropriate case law and analyz[ing] matters to respond" to Defendants' response, preparing for the conference, and participating in the conference. Doc. 126-1 ¶¶ 6–7. Defendants respond that the conference wasn't "limited to moving to compel discovery," because it "also addressed moving to quash subpoenas, Defendants' prior counsel seeking to withdraw, Defendants' Motion for

Reconsideration, and Defendants' oral motion to conduct additional discovery." Doc. 127 ¶ 3. But the Court ordered the parties to attend the conference and didn't detail how much time it would dedicate to what issue. Doc. 112 ("The Court orders all lead counsel . . . to attend and be prepared to discuss issues regarding discovery and representation."). And the Court heard no argument on the Motion for Reconsideration. Doc. 118, Status Conf. Tr. at 42:13–16.

Defendants also respond that spending twenty-two hours wasn't reasonable because each brief was only two pages, the Motion to Compel cited no cases, Defendant's response cited one case, and three attorneys didn't need to attend the conference. Doc. 127 ¶ 5–7. But the briefing contained complex histories of the discovery dispute, docs. 111, 114, and Access Road's counsel cited a case at the conference, doc. 118, Status Conf. Tr. at 30:4–9, reflecting caselaw research. But because the Court finds twenty-two hours was excessive, it reduces the awardable hours to fourteen and reduces the award by $500 an hour, equaling a $4,000 reduction.

Third and finally, Access Road's counsel claims they spent "more than 7 hours" preparing the supplement regarding sanctions and analyzing Defendants' response. Doc. 126-1 ¶ 10. Defendants argue the "request for attorney's fees is not limited to the motion to compel," because Access Road also seeks fees incurred preparing the supplement. Doc. 127 ¶ 4. But Access Road prepared it after the Court held the sanctions issue in abeyance at the conference and set a briefing schedule for Access Road to supplement its request. Doc. 118, Status Conf. Tr. at 45:8–45:19. And "[t]ime spent preparing fee applications is generally compensable." *El-Tabech v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010); *see also Jorstad v. IDS Realty Tr.*, 643 F.2d 1305, 1314 (8th Cir. 1981). Just like the first category of fees, counsel spent a reasonable amount of time preparing the supplement and reviewing the response given the complexity of the discovery dispute. The Court therefore concludes counsel reasonably expended these hours.

### C. Costs

Access Road also incurred $78.30 for ordering the conference transcript. Doc. 126-1 ¶ 12. Defendants don't dispute this cost, doc. 127, and the Court ordered the parties to order the transcript, doc. 118, Status Conf. Tr. at 52:10–25. The Court therefore awards this cost.

## IV. Conclusion

Accordingly, the Court orders Defendants to pay Access Road $13,664.55 no later than November 26, 2026.

So ordered this 5th day of November 2026.

SR. C

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE